such an emergency, unless it be made to appear, by a clear preponderance of evidence, that he selected a course manifestly more dangerous than the others. In the absence of a clear weight of evidence to that effect, I must hold that the negligence charged has not been proved against the tow-boat, and the libel must be dismissed.

This decision was affirmed by the circuit court on appeal; [case unreported.]

MOHLER, The MOLLIE. See Case No. 9,-701.

## Case No. 9,694.

### MOHR v. COTZHAUSEN.

[15 Alb. Law J. 392.]

Circuit Court, E. D. Wisconsin. April 4, 1877.

JURISDICTION OF COURT OF SPECIAL AUTHORITY—WHERE ESTABLISHED.

Where the jurisdiction of a court of special authority appears upon the record, its action and decision can no more be collaterally inquired into than can the action and decision of a court that has authority over all questions and controversies.

## Case No. 9,695.

### MOHR et al. v. MANIERRE.

[7 Biss. 419;[1] 9 Chi. Leg. News, 270.]

Circuit Court, E. D. Wisconsin. April 4, 1877.[2]

REAL PROPERTY—SALE OF LUNATIC'S ESTATE—CONFLICT OF LAWS—COLLATERAL ENQUIRY.

1. In Wisconsin, where a proper case is made in a petition to the county court, for a license to sell the estate of a lunatic, the power of the court is set in motion and it has jurisdiction of the case; and the fact that the court had decided erroneously as to notice, etc., cannot collaterally affect the rights of a bona fide purchaser under the sale decreed by the court.

2. As to general principles of law the federal court has the right to follow its own views, and is not bound by the decisions of the state courts.

[Cited in Marshall v. Wabash R. Co., 46 Fed. 271.]

3. Where the jurisdiction of a court of special authority appears upon the record, its action and decision can no more be collaterally inquired into than can the action and decision of a court that has authority over all questions and controversies.

Ejectment for the recovery of about thirteen acres of land on the borders of Lake Geneva, in Walworth county. The land belonged to Mathias Mohr, against whom a commission of lunacy was obtained, and a guardian having been appointed under the laws of this state, application was made to the county court of Walworth county, for the sale of the land, for the support of the lunatic or to pay his debts. A sale was ac-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]
[2] [Affirmed in 101 U. S. 417.]

cordingly made of this and other tracts of land, and the defendant [Anna Manierre] claims under the sale. The plaintiff Mohr, having recovered his reason, and the commission of lunacy being revoked, and he having in the meantime transferred an undivided interest in the property to Mr. Cotzhausen, brought this action of ejectment, on the assumption that the proceedings in the county court of Walworth county, which resulted in a sale of the land, were illegal, and that no title passed.

Cotzhausen, Sylvester & Scheiber, for plaintiffs.
S. U. Pinney, for defendant.

DRUMMOND, Circuit Judge. Of course the question turns upon the validity of the sale made by the guardian of the lunatic. If that were invalid, then the plaintiffs are entitled to recover. The petition which asked for the action of the court, was not strictly in compliance with the statute, the allegations not being so full as the statute seemed to require; and perhaps there might be some doubt, if it were a new question, whether or not the allegations of the petition were sufficient. But the decisions, both state and federal, seem to agree that a petition such as was filed in this case was sufficient to set the court in action; in other words, to show that the court was called upon to proceed in the way pointed out in the statute to obtain the necessary means from the sale of the land for the payment of debts or the support of the lunatic. And as to this very petition, in a case that went up to the supreme court of the state upon a sale of a portion of the property which took place at the same time as that under which the defendant claims, that court says: "The petition may be defective in some particulars, but it is sufficient in substance to call into exercise the power of the court." Mohr v. Tulip, 40 Wis. 76. It was, therefore, so far as the petition is concerned, sufficient to give jurisdiction to the court. This is the effect, also, of the decisions of the supreme court of the United States, in two cases that went up from this state. Grignon's Lessee v. Astor, 2 How. [43 U. S.] 319; and Comstock v. Crawford, 3 Wall. [70 U. S.] 396. And although they were cases decided under the territorial laws, the principles involved were substantially the same. And in those cases, the supreme court of the United States held, that it was the petition that gave jurisdiction to the court, and set its machinery in motion, and that, if upon the face of the petition it appears that the objects which the law had in view in such cases were clearly set forth, that was sufficient. So there is a concurrence of opinion both in the federal and in the state courts that the petition was sufficient. The law of Wisconsin applies substantially the same conditions to the sale of the real estate of lunatics, as to decedents.